UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| U.S. BANK NATIONAL ASSOCIATION as Legal Title Trustee for Truman 2016 SC6 Title Trust,<br><br>             Plaintiff,<br><br>  v.<br><br>STEPHANIE G. MINA,<br>             Defendant. | Case No. 2:19-cv-01013-TLN-AC<br><br>**SUA SPONTE REMAND ORDER** |
|---|---|

      This matter is before the Court pursuant to Defendant Stephanie G. Mina's ("Defendant") Notice of Removal. (ECF No. 1.) For the reasons set forth below, the Court hereby REMANDS the action to the Superior Court of California, County of Placer, due to lack of subject-matter jurisdiction.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

      On January 10, 2019, Plaintiff U.S. Bank National Association ("Plaintiff") brought an action against Defendant for possession of the real property known as 8160 Kensbrook Lane, Granite Bay, California ("the Property"). (ECF No. 1 at 8.) The Complaint alleges that Plaintiff is the true and lawful owner of the Property pursuant to a foreclosure sale of the Property. (ECF No. 1 at 8.) Plaintiff asserts that Defendant was served a "Notice to Quit," but continues to occupy the property. (ECF No. 1 at 8.)

On June 3, 2019, Defendant filed a Notice of Removal removing this unlawful detainer action from the Placer County Superior Court. (ECF No. 1.)

**II.     STANDARD OF LAW**

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1443(1), removal of an action to federal court is also permitted where the pending action is "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). "Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). Furthermore, "[i]f the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, *as amended*, 387 F.3d 966 (9th Cir. 2004), *cert. denied* 544 U.S. 974 (2005).

The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 386. Removal cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question, whether filed in state court or federal court. *See Vaden v. Discover Bank*, 556 U.S. 49 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

**III.    ANALYSIS**

Defendant states in the notice of removal that jurisdiction is proper under 28 U.S.C. §§ 1331, 1441(a), and 1443(1). (ECF No. 1 at 2.) Defendant does not explain the basis for diversity jurisdiction and simply argues that the amount in controversy is met. (*See* ECF No. 1 at 2.)

Furthermore, Defendant invokes federal question, 28 U.S.C. § 1331, as the means upon which original jurisdiction exists, however, she fails to identify any federal law under which the action was brought. Under the well-pleaded complaint rule, "federal [question] jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 386. After reviewing the Notice of Removal, the Court concludes that Defendant does not present a viable argument to support federal jurisdiction on either basis.

First, Defendant cannot satisfy the requirements for diversity jurisdiction under section 1332. Section 1332 states that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between — (1) citizens of different States." The burden of proving the amount in controversy depends on what the plaintiff has pleaded on the face of the complaint. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998, 1000 (9th Cir. 2007). When the complaint alleges damages less than the jurisdictional requirement, the party seeking removal must prove the amount in controversy with legal certainty. *Id.*; *Rynearson v. Motricity, Inc.*, 601 F. Supp. 2d 1238, 1240 (W.D. Wash. 2009). Defendant simply argues the amount in controversy exceeds $75,000. (ECF No. 1 at 2.)

Plaintiff alleges damages calculated at $100 per day for each day Defendant remained in possession of the Property after the deadline in the Notice to Quit passed. (ECF No. 1 at 9.) Plaintiff alleges that damages began accruing on January 4, 2019. (ECF No. 1 at 9.) There is no plausible way that the damages estimated by Plaintiff would equal $75,000 at this time. The Complaint alleges that the total amount of damages is "less than $10,000." (ECF No. 1 at 7.) Defendant has not proven with legal certainty the damages as of the time of removal would exceed $75,000. For these reasons, Defendant fails to meet her burden of showing that the amount in controversy is met.

As to federal question jurisdiction, Defendant states removal is proper as she has been denied "due process in [u]nlawful [d]etainer."[1] (ECF No. 1 at 2.) Defendant further asserts that

---

[1] Any argument that Defendant's federal claim is based on Plaintiff's alleged failure to adhere to "Code of Civil Procedure section 128.7" fails, as this is a California rule of procedure. (*See* ECF No. 1 at 2); Cal. Civ. Proc. Code § 128.7.

3

her equal protections rights under the Fourteenth Amendment have been violated. (ECF No. 1 at 2.) Plaintiff brought a single cause of action for unlawful detainer. (ECF No. 1 at 7–9.) Under the well-pleaded complaint rule, "federal [question] jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 386. The instant Complaint relies solely on California state law. The well-pleaded complaint rule makes the plaintiff the master of his claim, so he may avoid federal jurisdiction by basing his claim exclusively on state law, as is the case here. *Caterpillar*, 482 U.S. at 392. The allegations above would at most result in counterclaims Defendant may potentially assert. However, removal cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question, whether filed in state court or federal court. *See Vaden*, 556 U.S. at 49; *Hunter v. Philip Morris USA*, 582 F.3d at 1042–43. While Defendant contends in the notice of removal that she may remove this action based on alleged federal violations, this assertion relates only to a potential counterclaim or defense, which is not considered in evaluating whether a federal question appears on the face of a plaintiff's complaint. See *Vaden*, 556 U.S. at 60–62.

Moreover, a notice of removal based on § 1443(1) must satisfy the two-part test articulated by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780, 788–92 (1966) and *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824–28 (1966). *See also Patel v. Del Taco, Inc.*, 446 F.3d 996, 998–99 (9th Cir. 2006). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970). "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id.* "The ground for removal under section 1443(1) is both specific and extremely narrow." *JP Morgan Chase Bank, NA us. Omry Reznik*, No. CV1506590RGKAJWX, 2015 WL 5156442, at *2 (C.D. Cal. Sept. 1, 2015) (citing *Davis v. Super. Ct. of State of Cal.*, 464 F.2d 1272, 1273 (9th Cir. 1972)).

Defendant seeks removal of this action under 28 U.S.C. 1443, but has failed to satisfy the two requirements of the test. First, Defendant fails to identify the "explicit statutory enactment

protecting equal racial civil rights" that is violated by the State's action. *Sandoval*, 434 F.2d at 636. Defendant's reliance on the 14th Amendment alone is not sufficient to meet the first prong of the test. *Id.*

Defendant also fails to satisfy the second criteria of the test. Even if Defendant had properly identified a right to equal protection under the United States Constitution, she has failed to demonstrate that California state courts will not enforce that right. Defendant does not and cannot identify any California state law or constitutional provision that commands state courts to ignore an amendment to the United States Constitution. *See Fed. Home Loan Mortg. Corp. v. Cantillano*, No. CV 12–01641, 2012 WL 1193613, *3 (C.D.Cal. Apr. 9, 2012); *HSBC Bank USA v. Cabal*, No. 10cv1621 WQH (POR), 2010 WL 3769092, *2 (S.D.Cal. Sept. 21, 2010); *see also Sandoval*, 434 F.2d at 636 ("Bad experiences with the particular court in question will not suffice")).

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566. For the reasons stated, Defendant has failed to demonstrate that this Court has subject matter jurisdiction to hear this action. Therefore, it is appropriate to remand this case, *sua sponte*, for lack of federal jurisdiction. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("the district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not.").

### IV. CONCLUSION

Thus, for the reasons stated above the Court hereby REMANDS this action to the Superior Court of California, County of Placer.

IT IS SO ORDERED.

Dated: June 12, 2019

Troy L. Nunley
United States District Judge